UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STREAMLINE PACKAGING, INC. and
DOUGLAS O'BRIEN,
        Plaintiffs,

-v-

Case No. 1:06-cv-701

HONORABLE PAUL L. MALONEY

VINTON PACKAGING GROUP, INC.,
SSOE, INC. and ROBERT TOTH,
        Defendants.

## OPINION SUPPORTING ORDER GRANTING DEFENDANT VINTON PACKAGING GROUP'S MOTION FOR SUMMARY JUDGMENT REGARDING ATTORNEY FEES

Plaintiffs' suit alleges *inter alia,* a violation of Michigan's Trade Secrets Act (MUTSA), MCL 445.1901 *et seq*. Defendants removed the action from Van Buren County to this Court in September 2006. Defendant SSOE and Defendant Toth filed a motion for summary judgment on June 1, 2007. (Dkt. No. 17). Defendant Vinton Packaging filed its motion for summary judgment and for attorney fees the same day. (Dkt. No. 18). On June 25, 2007, Plaintiffs filed a motion to dismiss Defendant Vinton Packaging. (Dkt. No. 23). On September 20, 2007, this Court heard oral argument on the motions. This Court has read the pleadings, attachments, and responses and has had the benefit of oral argument.

After hearing arguments on Defendant SSOE and Defendant Toth's motion for summary judgment, this Court held that Plaintiff Streamline and Plaintiff O'Brien failed to establish they had standing to assert a claim for the misappropriation of a trade secret under the Michigan statute. In light of that holding, Plaintiffs withdrew their other claim against Defendant SSOE and Defendant Toth for tortious interference with a business relationship. After hearing arguments regarding

Defendant Vinton Packaging's request for attorney fees, this Court took the motion under advisement. This Court clarified for the record that Defendant Vinton is a prevailing party in light of the granting of its motion for summary judgment with regard to Plaintiff's claim for misappropriation of trade secrets. See MCL 445.1905. This Court's holding on the Defendant's motions for summary judgment rendered Plaintiffs' motion to dismiss moot.

I. SUMMARY JUDGMENT

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case. *Bennett v City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The facts, and the inferences drawn from them, must be viewed in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quoting *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Once the moving party has carried its burden, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 574.

II. ATTORNEY FEE PROVISION UNDER MUTSA

MUTSA authorizes a court to award attorney fees to the prevailing party if a claim of misappropriation is made in bad faith. MCL 445.1905. The statute does not define "bad faith." Earlier this year, another court in this district had occasion to interpret this same statute. *See*

*Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp.2d 848 (W.D. Mich. 2007). In that case, Judge Bell looked to the Uniform Trade Secrets Acts in other states for guidance.

> Interpreting the Maryland Uniform Trade Secrets Act, a federal district court has concluded that, in order to demonstrate bad faith, a defendant must show "'clear evidence that the action [was] entirely without color and taken for other improper purposes amounting to bad faith.'" The "'bad-faith exception for the award of attorney fees is not restricted to cases where the action is filed in bad faith ... [but] may be found ... in the conduct of the litigation.'" Similarly, interpreting the California Uniform Trade Secrets Act, courts have held that "'bad faith' exists when the court finds '[(1)] objective speciousness of the plaintiff's claim and [(2) plaintiff's] subjective misconduct in bringing or maintaining a claim for misappropriation of trade secrets.'"

*Id.* at 857 (alterations in original) (citations omitted). "Objective speciousness exists where there is a complete lack of evidence supporting Plaintiff's claims" and "[s]ubjective speciousness exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit." *Contract Materials Processing, Inc. v. Kataleuna GMBH Catalysts*, 222 F. Supp.2d 733, 744 (D. Md. 2002) (quoting *Computer Econ., Inc. v. Gartner Group, Inc.,* 1999 WL 33178020 at *6 (S.D. Cal. Dec. 14, 1999)).

Because Plaintiffs did not have standing from the onset of this litigation to bring a claim for misappropriation of a trade secret under MUTSA, this Court holds that Plaintiffs are liable for attorney fees under MCL 445.1905. Before going further, it is necessary to explain this Court's holding on the issue of standing. Defendant's argument was that Sentry, a business entity who is not a party to the suit, not Plaintiffs, held the alleged trade secret (a design for a conveyor belt in a bottling plant). Defendants pointed to Sentry's title block on the design. Defendants also pointed out that the project was bid by Sentry and that Sentry, not Plaintiffs, would have been awarded the contract if the bid was successful.

Defendants cited legal authority for the proposition that theft of a trade secret is an injury

to a corporation. *See Kagan v. Edison Bros. Stores, Inc.*, 907 F.2d 690, 692 (7th Cir. 1990) and *Carpenter v. United States*, 484 U.S. 19, 26 (1987). Neither case is directly on point, but both do support that general conclusion. *See also Computer Assoc. Int'l, Inc. v. American Fundware, Inc.*, 831 F. Supp. 1516, 1524 (D. Colo. 1993) (extending to independent contractors the common law ownership rule where an employer owns the designs of an employee who is paid to create designs).

This Court had little difficulty concluding that Plaintiffs failed to establish a genuine issue of material fact on the issue of standing. In Plaintiffs' response to the motions for summary judgment, they state that they "work as agents for Sentry." (Dkt. No. 24 at 10). The nature and extent of Mr. O'Brien's relationship with Sentry is still unclear after oral argument as it is governed by an oral agreement the parameters of which were murky even to Plaintiff's counsel. The record establishes Plaintiff O'Brien is the exclusive sales agent in the area for Sentry and that part of the service he provides to Sentry is to create designs <u>on its behalf</u>. At his deposition, Mr. O'Brien stated sometimes he submits his designs to Sentry for approval, but other times he would not. (O'Brien Deposition at 46-48). Neither Mr. O'Brien nor any representative from Sentry submitted an affidavit or other documentary evidence outlining the scope of their arrangement or why the named plaintiffs owned the alleged trade secret at issue. Plaintiffs have made no allegation that Mr. O'Brien is compensated by Sentry on a per design basis. At oral argument, Plaintiffs' Counsel did assert that without Mr. O'Brien's designs, Sentry would not be able to get a contract. Simply stated, Plaintiffs offered <u>no</u> legal authority on the standing issue. Under these facts, Plaintiffs have not demonstrated they had a colorable legal basis to bring the claim.

Turning back to the question of attorney fees, this Court finds Plaintiffs' misappropriation of trade secrets claim both objectively and subjectively specious. There is a complete lack of objective evidence supporting Plaintiffs' claim to the alleged trade secret. Mr. O'Brien may have created the design, but he did so on behalf of Sentry, submitted the design to SSOE for Sentry's benefit and placed Sentry's title block on the design. The fact that he is an agent for Sentry does not entitle him to bring a suit for his own benefit when the work he performed was for the benefit of the principal. The record supports the conclusion that Plaintiffs' claim is subjectively specious. Plaintiffs' lack of objective evidence combined with their inability to identify <u>any</u> legal theory under which an agent in this situation might raise a claim indicates "recklessness in not knowing that the claim for trade secret misappropriation has no merit." *See Contract Material*, 222 F. Supp.2d at 745 (noting subjective misconduct may be inferred from the lack of objective evidence of the trade secret claim).

## III. CONCLUSION

Defendant Vinton Packaging's request for attorney fees under MCL 445.1905 is GRANTED. Defendant has established Plaintiffs' claim for misappropriation of a trade secret was brought in bad faith within the meaning of MCL 445.1905. Plaintiffs' claim is both objectively and subjectively specious. An order has been filed contemporaneously with this opinion.

Date:  October 3, 2007                                 /s/ Paul L. Maloney

                                                                   Paul L. Maloney
                                                                   United States District Judge