UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STREAMLINE PACKAGING SYSTEMS, INC.
and DOUGLAS O'BRIEN,
    Plaintiffs,

-v-

Case No. 1:06-cv-701

HONORABLE PAUL L. MALONEY

VINTON PACKAGING GROUP, INC.,
SSOE, INC. and ROBERT TOTH,
    Defendants.

ORDER REGARDING DEFENDANT VINTON PACKAGING'S TAXED BILL OF COSTS

This Court has before it Defendant Vinton Packaging Group's Taxed Bill of Costs (Dkt. No. 34).

I. BACKGROUND

On October 3, 2007, this Court granted Defendant Vinton Packaging's Motion for Summary Judgment Regarding Attorney Fees. The order required Defendant to file and serve a proposed bill of costs within two weeks. The order further afforded Plaintiffs two weeks after the date the documents were filed to object. The parties filed a proposed stipulation to extend the deadlines. Defendant Vinton Packaging filed its proposed bill of costs on October 22, 2007 along with a statement explaining the fees and costs incurred (Dkt. No. 34). On October 23, 2007, this Court signed the proposed stipulated order extending the time for Defendant Vinton Packaging to file and serve the proposed bill of costs until October 26, 2007. More than two weeks have passed and Plaintiffs have not filed any objections.

II. LEGAL FRAMEWORK

This Court awarded attorney fees under MCL 445.1905, part of the Michigan Uniform Trade Secrets Act. A federal court sitting in diversity must apply state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, (1938); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 528 (6th Cir. 2002). When the determination of whether to award attorney fees

depends on the underlying substantive claim, the issue is substantive in nature. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n. 31 (1975). *See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.,* 418 F.3d 168, (2d Cir. 2005) (holding, in a diversity case, courts apply the substantive law of the state to resolve a dispute regarding a party's entitlement to attorney fees); *Mathis v. Exxon Corp.,* 302 F.3d 448, 461 (5th Cir. 2002) (holding state law controls the award and determination of the reasonableness of attorney fees when state law supplies the rules of decision). *See also Weiss v. St. Paul Fire and Marine Ins. Co.,* 283 F.3d 790, 798 (6th Cir. 2002) (reversing the district court's decision in a diversity case to award attorney fees because Ohio law does not permit an award of attorney fees in a declaratory judgment action except with explicit statutory authorization); *Degussa Admixtures, Inc. v. Burnett*, 05-705, 2007 WL 1041188 at *3 (W.D. Mich. April 4, 2007) (awarding attorney fees in a diversity case and holding the attorney fee provision in MCL 445.1905 was a substantive remedy rather than a procedural rule). The United States Supreme Court explained the starting point for determining reasonable attorney fees is the lodestar, which is the product of the number of hours billed at a reasonable hourly rate. *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983); *Degussa Admixtures* 2007 WL 1041188 at *2 (explaining the lodestar is "calculated by multiplying the number of hours reasonably expended by the prevailing market rated in the community for an attorney of that skill and expertise."). The Court clarified that a reasonable fee should be calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In a footnote, Justice Powell, writing for the majority, outlined how a court should determine the prevailing market rate.

> In seeking some basis for a standard, courts have properly required the prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined this way is normally

deemed to be reasonable, and is referred to – for convenience – as the prevailing market rate.

*Id.* at 896 n. 11. *See also Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (defining the prevailing market rate as the rate that lawyers of comparable skill and experience could reasonably expect to command within the venue of the court of record). Judge Quist recently identified several ways a court may ultimately settle on a reasonable hourly rate.

> The reasonable hourly rate in the community may be established through proof of rates charged in the community under similar circumstances as well as opinion evidence of reasonable rates. Other relevant sources include the attorney's actual billing rate and fee awards from prior cases. Finally a court may determine a reasonable rate based upon its own expertise and judgment.

(citations omitted) *Garber v. Shiner Enterprises, Inc.*, 06-646, 2007 WL 4557857 at * 1 (W.D. Mich. Dec. 21, 2007).

In Michigan, a trial court may award a reasonable attorney fee, regardless of the actual attorney fee incurred. *Head v. Phillips Camper Sales & Rental, Inc.*, 593 N.W.2d 595, 604 (Mich. App. 1999). When determining whether the amount of attorney fees awarded is reasonable, a court must consider several factors, including: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. *Wood v. Detriot Auto. Inter-Ins. Exchange,* 321 N.W.2d 653, 661 (Mich. 1982); *Taylor v. Currie*, 277 Mich. App. 85, — N.W.2d — (2007).

III. ANALYSIS

Defendant requests a total of $55,839.21 in attorney fees and costs. The lead attorney for Defendant is Michael Sullivan who is a member of Womble Carlyle Sandridge & Rice, PLLC in Atlanta, Georgia. Local Counsel is Clark Hill, PLLC in Grand Rapids, Michigan. Defense Counsel billed a total

3

of $48,516.30 in attorney fees and an additional $3,848.27 in costs. Local Counsel for Defendant billed $3,433.00 in attorney fees and an additional $41.64 in costs. Defense Counsel has provided a detailed summary of the work performed, including the name of the person doing the work, the amount of time spent on the task, the rate charged, the amount billed, and a short description of the task. The bulk of the work was performed by Attorney Michael Sullivan and Attorney Jennifer Collins, an associate with Womble Carlyle. Attorney Sullivan's hourly rate was $480 per hour (2.6 hours) and $490 per hour (47.2 hours). Attorney Collins' rate was $220 per hour (107.9 hours). A paralegel also performed some work at $170 per hour (.3 hours). Attorney Adam Katz performed work at $320 per hour (.6 hours). Defense Counsel performed approximately 158.6 hours of work for Vinton Packaging.[1] Defense Counsel's statement details how work was apportioned between out-of-state and local counsel and the cost saving strategies pursued over the course of the litigation. Local Counsel billed at rates between $270 and $300 per hour. Attorney Brian Ziff billed at $275 per hour (5.6 hours) and $300 per hour (2.8 hours). Attorney David Centner billed at $270 per hour (3.9 hours). Local Counsel performed approximately 12.3 hours of work for Vinton Packaging.[2]

Plaintiffs have not objected to any portion of the proposed bill of costs. This Court has reviewed the hours billed and the descriptions of the tasks performed and find the hours spent on the various tasks were reasonable. This Court also approves and awards the costs requested by Defendant. However, Defense Counsel has not sufficiently supported the reasonableness of the requested hourly rates. In paragraph 11 of the statement, Defense Counsel explains that market forces in "the relevant markets in

---

[1]The bill of costs states the total hours worked was 159.34. This includes .7 hours of work done by a paralegal which was not billed. This Court is unsure why there is an additional four hundredths of an hour.

[2]The bill of costs states the total hours worked was 16.7 hours which includes 4.4 hours of unbilled time.

4

which they operate" force the firm toward commercially reasonable rates and billable time. (Statement at 7). Of course, the relevant community is not Atlanta, Georgia where Mr. Sullivan is based, but the Western District of Michigan.[3] *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (citations omitted) ("when a counsel has voluntarily agreed to represent a plaintiff in an out-of-town lawsuit, thereby necessitating litigation by that lawyer primarily in the alien locale of the court in which the case is pending, the court should deem the 'relevant community' for fee purposes to constitute the legal community within that court's territorial jurisdiction"). Defense Counsel's statement is insufficient to establish the proof which the United States Supreme Court, the Sixth Circuit and the State of Michigan have placed upon the prevailing attorneys.

According to 2003 Economics of Law Practice in Michigan, the median hourly rate for attorneys in a firm with more than 100 lawyers was $250 per hour with the 95th percentile at $358 per hour. *Economics of Law Practice*, State Bar of Michigan (2003) at 25. The median rate for attorneys with 20 to 29 years of practice was $180 per hour with the 95th percentile at $290 per hour. (*Id.*). The median rate for attorneys doing corporate or business law was $175 per hour with the 95th percentile at $330 per hour. (*Id.*). The median rate for intellectual property attorneys was $260 per hour with the 95th percentile at $380 per hour. (*Id.*). The median rate for equity partners was $200 per hour with the 95th percentile at $333 per hour. (*Id.*). The median rate for associates was $150 per hour with the 95th percentile at $225 per hour. (*Id.*). The west side of Michigan billed at rates somewhat lower than the east side of Michigan. The median rate for attorneys in Detroit was $210 per hour with the 95th percentile at $440 per hour. (*Id.* at 26). The median rate for attorneys in Grand Rapids was $175 per hour with the 95th percentile at $274

---

[3]An exception to this general rule exists if a party can show that the out-of-town attorney was reasonable under the circumstances. *See Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995). Defendant has not attempted to explain why out-of-town counsel was reasonable in this dispute. This Court will not speculate on the reasons behind Defendant's choice of counsel.

per hour. (*Id.*). Of course, these results are more based on data collected more than five years ago.

This Court finds Mr. Sullivan's hourly rate is not reasonable under prevailing community practices. Mr. Sullivan graduated from law school in 1984. (Statement at 2). Mr. Sullivan practiced in Michigan before relocating to Georgia in 2005. (*Id.*) He has considerable experience in complex commercial litigation including trade secret cases like this one. (*Id.*). Based upon this Court's experience, a reasonable rate for an attorney with Mr. Sullivan's skills and reputation, practicing in this district, would be $390 per hour. *C.f. Garber,* 2007 WL 2557857 at *2 (finding $300 per hour was a reasonable rate); *Moore v. Cycon Enterprises, Inc.*, 04-800, 2007 WL 2320051 at * 5 (W.D. Mich. Aug. 10, 2007) (finding $300 per hour was a reasonable rate). *See also Paragon Marketing Group, LLC v. Nadair*, 03-70202, 2007 WL 2390990 (E.D. Mich. Aug. 20, 2007) (upholding as reasonable a rate of $350 per hour for an attorney with 14 years experience and a specialization in the area of the litigation, contract disputes); *Thomas v. La-Van Hawkins*, Dkt. No. 271031, 2008 WL 53120 at *7 (Mich. App. Jan. 3, 2008) (noting the median hourly rates charged by attorneys in the Detroit area was $360 per hour).

Defense Counsel has not provided this Court with any information about Attorney Collins (an associate), Attorney Katz (member), the paralegal or either of the two local attorneys (both members of Clark Hill). This Court finds the rates charged by those individuals are also unreasonable for this community. Based on this Court's experience, a reasonable rate for this community for Attorney Collins would be $175 per hour. *See Daimler Chrysler Corp. v. Prof'l Corporate Intelligence, Inc.*, Dkt. No. 254107, 2005 WL 3500810 (Mich. App. Dec. 22, 2005) (per curiam) (upholding $175.00 as a reasonable rate for associates). Based on this Court's experience, a reasonable rate for this community for Attorney Katz would be $300 per hour. Based on this Court's experience, a reasonable rate for this community for the paralegal would be $75.00 per hour. *See Garber*, 2007 WL 2557857 at *2 (approving $85.00 per hour

for paralegal work). Finally, a reasonable rate for Local Counsel would be $215 per hour. Reviewing the description of the tasks performed by Local Counsel, the attorneys reviewed, revised and filed documents already prepared by Attorney Collins or corresponded with her.

IV. CONCLUSION

Accordingly, this Court awards $41,151.50 as reasonable attorney fees. The total was calculated from the following: Attorney Sullivan ($390/hour x 49.8 hours = $19,422.00), Attorney Collins ($175/hour x 107.9 hours = $18,882.50), Attorney Katz ($300/hour x .6 = $180.00), paralegal ($75/hour x .3 = $22.5) and Local Counsel ($215/hour x 12.3 = $2,644.50). Combined with the previously approved costs ($3,889.91), Defense Counsel is awarded $45,041.41.

ORDER

Defendant Vinton Packaging is awarded $3,889.91 in costs and $41,151.50 in attorney fees for a total of $45,041.41. **IT IS SO ORDERED.**

Date:   January 25, 2008              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge